1  JOHN LATTIN (SBN 167876)
   JOHN LATTIN LAW
2  9110 Irvine Center Drive
   Irvine, California 92618
3  Telephone: 949.357.2544
   Email: *john@johnlattinlaw.com*
4
   JAMES R. PATTERSON (SBN 211102)
5  JENNIFER M. FRENCH (SBN 265422)
   PATTERSON LAW GROUP APC
6  1350 Columbia Street, Suite 603
   San Diego, California 921010
7  Telephone:    (619) 756-6690
   Facsimile:    (619) 756-6991
8  E-mail:  *jim@pattersonlawgroup.com*
            *jenn@pattersonlawgroup.com*
9
   Attorneys for Plaintiffs
10 ERIKA MUSSER and BROOKE BENNETT

11 MATTHEW E. FARMER (SBN 190484)
   LITTLER MENDELSON
12 1865 Jamboree Road, Suite 800
   Irvine, CA 92612
13 Telephone:  (559) 244-7500
   Facsimile:  (559) 244-7525
14 E-mail:  *mfarmer@littler.com*

15 Attorneys for Defendants
   CALIFORNIA DAIRIES, INC.
16
   [*Additional Counsel on next page*]
17

18            UNITED STATES DISTRICT COURT

19     EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

20

21 ERIKA MUSSER and BROOKE BENNETT,          Case No. 1:20-cv-00899-AWI-SKO
   on behalf of themselves,
22                                            **STIPULATION AND PROTECTIVE**
                Plaintiffs,                   **ORDER**
23
          v.                                  (Doc. 18)
24
   CALIFORNIA DAIRIES, INC., a California
25 Corporation; UNITED DAIRYMEN OF
   ARIZONA, an Arizona Corporation; KEITH
26 MURFIELD, an individual and
   DOES 1 through 50, inclusive,
27
                Defendants.
28

1

1  DOUGLAS M. EGBERT (SBN 265062)
   JACKSON LEWIS P.C.
2  400 Capitol Mall, Suite 1600
   Sacramento, CA  95814
3  Telephone:  (916) 341-0404
   Facsimile:   (916) 341-0141
4  E-mail:  *douglas.egbert@jacksonlewis.com*

5  Attorneys for Defendants
   UNITED DAIRYMEN OF ARIZONA and
6  KEITH MURFIELD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

*Musser, et al. v. CA Dairies, et al.*
Case No.:  1:20-cv-00899-AWI-SKO

1    Plaintiffs Erika Musser and Brooke Bennett, Defendant California Dairies, Inc. ("CDI"),
2    Defendant United Dairymen of Arizona ("UDA"), and Defendant Keith Murfield ("Murfield"),
3    by and through their respective counsel of record, submit this Stipulation and [Proposed]
4    Protective Order and respectfully request the Court issue an Order consistent with this
5    Stipulation.

6    The Parties to the above-captioned matter ("Action") are preparing an informal exchange
7    of information and documents in anticipation of the mediation session scheduled for December
8    15, 2020.  Should the Action not resolve at mediation, the parties will propound discovery and
9    take depositions in the forthcoming arbitrations.  The information and documents exchanged in
10   anticipation of mediation, as well as certain responsive material in discovery, have and will
11   contain private, confidential, and/or proprietary information.  This information may and/or does
12   include, but is not limited to, personnel or other consumer records, medical information,
13   employee compensation data, financial information, sales information, customer lists, private
14   business and transactional information, trade secrets, and other information not otherwise
15   available to the public or between parties ("Protected Information").   To protect the
16   confidentiality of the Protected Information, all Parties stipulate as follows and request the
17   Court issue a protective order containing the terms specified herein pursuant to Federal Rule of
18   Civil Procedure 26 and Eastern District Local Rules 141.1 and 143.

19   The parties agree that this Stipulation is effective immediately and agree to abide by the
20   terms of this stipulation whether or not the Court issues the protective order requested herein.

21   **I.     USE OF CONFIDENTIAL INFORMATION AND MATERIALS**
22   **AT MEDIATION AND IN DISCOVERY**

23   **A.    <u>Designated Material</u>:** During discovery in this Action, whether done by formal or
24   informal means, any information or materials within the scope of Federal Rules of Civil
25   Procedure 26 through 37, including but not limited to documents, deposition testimony,
26   transcripts and exhibits, interrogatory responses, responses to requests for admission, subpoenaed
27   records, and other written, recorded, electronic, or graphic materials, may be designated as
28   confidential, as provided herein, by the person or entity producing, submitting, filing, or lodging

3

*Musser, et al. v. CA Dairies, et al.*
Case No.: 1:20-cv-00899-AWI-SKO

it, or by any party to this Action (the "Designator").  A Designator may only designate information and material confidential when the Designator has a good faith belief that it contains Protected Information subject to protection under Federal Rule of Civil Procedure 26(c) and Eastern District Local Rule 141.1.  Information covered by these provisions shall be referred to in this stipulation and order ("Stipulation") as "Designated Material."  Designated Material shall be used only in connection with the litigation among the Parties.  Should privileged material be produced inadvertently as Designated Material, it is agreed that such production shall not be deemed to be a waiver of any applicable privilege.  The terms of Section III shall also apply under such circumstances.

**B.**     **Access to Designated Material:** Except with the prior written consent of all Parties to this Action or a prior Court order, Parties may only disclose or produce copies of Designated Material to the following persons or entities:

(1)     Parties to this Action and their officers and/or directors;

(2)     persons previously employed by United Dairymen of Arizona ("UDA")  and/or California Dairies, Inc. ("CDI") as of the date the material at issue was created, and who had access to the material in the course and scope of their duties;

(3)     the Parties' counsel in this Action, including in-house counsel and such counsel's legal associates, paralegals, secretaries, office staff, and agents;

(4)     independent experts or consultants and their staff who are retained to assist counsel in this Action, provided such experts or consultants shall, prior to any disclosure, execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A;

(5)     third parties retained by counsel in this Action for purposes of copying, computer coding, or providing other document processing services;

(6)     court personnel in this Action, including court reporters and court officers, and subject to the terms set forth in Section II of this Stipulation where applicable;

(7)     any witness shown the materials during a deposition in this Action;

///

///

4

*Musser, et al. v. CA Dairies, et al.*
STIPULATION AND PROTECTIVE ORDER                                  Case No.: 1:20-cv-00899-AWI-SKO

(8)     any witness (other than persons described in paragraph I.B.(7)), provided they first execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A; and;

(9)     any person who appears as an author, addressee or recipient on the face of the materials at issue.

In addition to the foregoing, UDA and CDI may disclose materials it has designated as confidential (in the manner specified in section I.C below) as needed for business or legal purposes.

**C.     Designating Discovery Documents and Materials:**

(1)     Designated Material disclosed in anticipation of mediation or in discovery must be marked "CONFIDENTIAL" by the Designator.  Where a document or response consists of more than one page, the first page and each page or the portion thereof on which confidential information appears shall be so marked.

(2)      In the case of materials produced by a non-party, and subject to Section IV(F) below, any party may obtain a written stipulation from all parties, or seek a protective order, to designate such materials confidential and subject to the terms of this Stipulation.

**D.     Designating Deposition Transcripts and Exhibits:**

(1)     Deposition transcripts or portions thereof may be designated as confidential either:

(a)     at the deposition itself and by request of any party, or

(b)     by captioned written notice to the reporter, and all counsel of record, given within 20 calendar days following notice from the reporter that the transcript is available for review.  When such notice is served, all noticed counsel shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as "CONFIDENTIAL."   Until the 20 calendar days provided for in this paragraph expire, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

///

(2)     Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

(3)     Where deposition testimony is expected to be designated confidential, the Designator may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph I.B of this Stipulation.

**E.**     **Copies of Designated Material:**  Copies of Designated Material may only be made by or for persons and entities identified in paragraph I.B, provided all copies are appropriately marked "CONFIDENTIAL."

**II.     USE OF CONFIDENTIAL INFORMATION AND MATERIALS IN COURT**

**A.     Procedures for Submitting Records to the Court:**

(1)     When lodging and/or filing any Designated Material, or offering it for admission as evidence (including at trial or arbitration), a non-Designator shall submit the Designated Material in a manner compliant with  Eastern District Local Rule 141 and/or the manner compliant with applicable arbitration rules.  No party shall oppose a request to seal Designated Material.  Nothing herein: (a) shall preclude a Designator from lodging and/or filing any material it/she designated, or from offering such material for admission as evidence (including at trial or arbitration) without limitation or restriction of any kind and as permitted by law; and (b) doing so shall not constitute a breach of this Stipulation or waiver as to the use of any other Designated Material.

(2)     The Court's denial of a request to seal shall not bar use of the Designated Material or the offering of it for admission as evidence in connection with any motion, proceeding, or trial in this matter so long as the non-Designator seeks and obtains relief to use the Designated Material pursuant to section IV.C.I of this Stipulation.  Using or offering as evidence any Designated Material the Court has refused to seal shall not constitute a breach of this Stipulation.

(3)     Notwithstanding paragraph II.A(1) above, upon written stipulation of all Parties, a non-Designator may lodge and/or file and/or offer Designated Material for admission as evidence without a seal in connection with any motion, proceeding, or trial in this matter.  Using or

6

1  offering Designated Material in evidence without a seal and by written stipulation shall not

2  constitute a breach of this Stipulation.

3  **III.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

4  **PROTECTED MATERIAL**

5  The inadvertent disclosure of materials which are subject to a legitimate claim that those

6  materials are protected by privilege, including attorney-client privilege and/or the attorney work

7  product doctrine ("Privileged Material"), shall not waive any privilege or other applicable

8  protective doctrine for that material or for the subject matter of the inadvertently disclosed

9  information, if the producing party, upon becoming aware of the disclosure, promptly requests its

10  return under Federal Rule of Evidence 502(d).  The inadvertent disclosure shall also not estop that

11  party or the privilege holder from designating the information or document as attorney-client

12  privileged or subject to the work product doctrine or any level of confidentiality at a later date.

13  There shall be no requirement for the producing party to prove that it took reasonable steps to

14  prevent disclosure, including, without limitation, proof that its efforts to review for privileged or

15  confidential information or documents were reasonable.  If the requesting party receives material

16  that it knows, or reasonably should know is subject to a legally recognizable privilege or

17  evidentiary protection, then the requesting party shall: (a) refrain from reading the Privileged

18  Material any more closely than is necessary to ascertain that it is privileged;  (b) promptly notify

19  the producing party in writing that it has discovered documents believed to be Privileged

20  Material; (c) specifically identify the documents, and, (d) where possible, return, sequester, or

21  destroy all copies of such materials with any notes, abstracts, or compilations of the content

22  thereof, within five (5) calendar days of discovery by the requesting party.   Where such

23  Privileged Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or

24  otherwise used by the requesting party.  The requesting party has no obligation to search or

25  review a producing party's materials to identify potentially Privileged Material.

26  **IV.    MISCELLANEOUS PROVISIONS**

27  **A.    Subpoenas for Designated Material:** If any person or entity subject to this Stipulation

28  receives a subpoena for production of Designated Material, such person or entity shall promptly

notify all counsel in this Action. Upon receipt of such notice, the Designator may object in writing. The person or entity receiving the subpoena shall not produce any Designated Material in response to the subpoena: (1) without the prior written consent of the Designator; (2) while a motion for protective order is pending; or (3) until the last day allowed for production where no motion for protective order is filed.

**B.** **Objections:** A party may challenge the propriety of any designation under this Stipulation within 30 calendar days of the designation. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material at issue, state the basis for each challenge, and propose a new designation for each item. The parties shall have seven calendar days after service of an objection to meet and confer and attempt resolution of the challenged designation ("Meet and Confer Period"). The material at issue shall be deemed re-designated as proposed by the challenging party unless, within 10 court days after expiration of the Meet and Confer Period, the Designator has filed and served a motion for a protective order to maintain the original designation, or to establish other confidentiality protections. Notwithstanding any challenge to the designation of material as confidential, all documents shall be treated as such and shall be subject to the provisions of this Stipulation unless and until one of the following occurs:

(1)     the party or non-party who claims the material is confidential withdraws such designation in writing; or

(2)     the party or non-party who claims the material is confidential fails to timely apply to the Court for an order designating it as such as provided in this paragraph above; or

(3)     the Court rules the material is not confidential.

**C.** **No Prejudice:**

(1)     Nothing in this Stipulation shall preclude any party from seeking and obtaining additional or different protection permitted by law with respect to the confidentiality of any information or material.

(2)     This Stipulation shall not diminish any existing obligation or right with respect to Designated Material.

8

(3)     The Parties shall make best efforts to assert any claims of confidentiality prior to, or at the time when, responsive discovery is disclosed.  The production of materials by any party shall be without prejudice to any claim by the producing party that such material should have been designated as confidential.

(4)     A party may assert a claim of confidentiality in writing and with particularity within a reasonable time after learning of an inadvertent or mistaken disclosure.  The materials at issue shall then be treated as if the claim were made prior to disclosure.  If within a reasonable time after documents are inadvertently or mistakenly disclosed the producing party asserts a claim that such documents are confidential, the receiving parties shall take prompt steps to ensure all known copies of the documents are promptly returned to the producing party for designation. After designation, the producing party shall promptly return copies to each of the receiving parties.  The receiving parties may thereafter contest the claim of confidentiality as set forth herein.

**D.     <u>Final Disposition</u>:**  Upon final termination of this Action, and at the written request of the Designator, all Designated Material and all copies thereof shall, within 30 days of such request be:  (1) returned to counsel for the party or non-party that produced the material; or (2) destroyed. The party who destroys Designated Material pursuant to this Section shall provide the Designator with written confirmation of the destruction within the same 30 days contemplated by this Section.   Notwithstanding this paragraph, counsel for the Parties may retain pleadings, correspondence, attorney and consultant work product, and deposition transcripts and exhibits for archival purposes.

**E.     <u>Improper Disclosure</u>:**

(1)     The Parties and their counsel are required to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation.  If Designated Material submitted in accordance with the terms of this Stipulation is disclosed to any person or entity other than in the manner authorized by the terms herein, the party and/or person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all uninvolved parties and, without prejudice to any other rights under this

9

Stipulation, make every effort to prevent further disclosures by the persons or entities to whom the information was disclosed.

(2)     The Parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party.  Therefore, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or as otherwise allowed by law or equity. The decision by a non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach.  A non-breaching party seeking or obtaining relief under this provision shall not constitute a waiver or release of any other rights or remedies available to such party.

**F.** **Survival:** The binding effect of this Stipulation shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation.

CDI, UDA, and Murfield do not waive their right to arbitrate the present matter as the Parties have previously agreed to such arbitration.  The Parties agree the Court signing the order approving this protective order does not waive said right and such is only being done because the parties have yet to commence their respective arbitrations.

**IT IS SO STIPULATED.**

Dated:  November 20, 2020           JOHN LATTIN LAW
                                    PATTERSON LAW GROUP, APC


                                    By: /s/ Jennifer M. French (as authorized on November 19, 2020)
                                        Jennifer M. French


                                    Attorneys for Plaintiffs
                                    ERIKA MUSSER and BROOKE BENNETT


(signatures continue on next page)

10

1  Dated:  November 20, 2020  LITTLER MENDELSON

2

3            By: /s/  Matthew E. Farmer (as authorized on November 20, 2020)
                Matthew E. Farmer

4

            Attorneys for Defendant
5            CALIFORNIA DAIRIES, INC.

6

7  Dated:  November 20, 2020  JACKSON LEWIS P.C.

8

9            By: /s/  Douglas M. Egbert

10              Douglas M. Egbert

11            Attorneys for Defendants
            UNITED DAIRYMEN OF ARIZONA and
12            KEITH MURFIELD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER      *Musser, et al. v. CA Dairies, et al.*
                      Case No.:  1:20-cv-00899-AWI-SKO

1

**ORDER**

2

      The terms of this Stipulation and Protective Order are hereby approved and adopted.

3

4

IT IS SO ORDERED.

5

Dated:   **November 24, 2020**          /s/ *Sheila K. Oberto*

6

                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

STIPULATION AND PROTECTIVE ORDER

*Musser, et al. v. CA Dairies, et al.*
Case No.: 1:20-cv-00899-AWI-SKO

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

1.      My name is _____. My current work or home (circle one) address is _____.

2.      I have received and read in its entirety a copy of the Stipulation and Protective Order ("Order") entered in the case of *Erika Musser and Brooke Bennett v. California Dairies, Inc., et al.* – Case No. 1:20-cv-00899-AWI-SKO.  I understand the provisions of the Order and agree to comply with and be bound by all its provisions.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I submit to the jurisdiction of the United States District Court, Eastern District of California for purposes of enforcing any of the terms of the Order.

I declare under penalty of perjury under the laws of the United States a that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____,
                                                                                                                          (City)
_____.
            (State)

_____
                                                              (Printed name)

_____
                                                              (Signature)

*Musser, et al. v. CA Dairies, et al.*
                                                                                                    Case No.: 1:20-cv-00899-AWI-SKO